In the Matter of the Claim of JOSEPH ABARE et al., Respondents, v. GLENVILLE CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Schenectady County, granting respondents' motion to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. Subdivision 5 of section 50-e of the General Municipal Law provides that a court, in its discretion, may grant leave to serve a late notice of claim "where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier." Under the rationale of *Matter of Tricou* v. *Town of Duanesburg* (23 A D 2d 949) the letter sent on June 3, 1965 by appellant's insurance carrier to the Safeco Insurance Company, Joseph Abare's collision insurance carrier, constituted written settlement representations within the meaning of the statute. Thus the leave to Safeco to file its claim for so much of the property damage to Joseph Abare's vehicle as Safeco had paid was properly granted. Here, however, unlike *Tricou* there is no present indication in the record that the Abares themselves were aware of the letter involved before the 90-day period expired, and therefore failed to serve the required notice of claim in "justifiable reliance" thereon. There is no assertion that an employee of Safeco communicated the purport of the letter to them. Instead it is urged that knowledge of Spears, Safeco's employee to whom the June 3 letter was sent, also constituted knowledge thereof on their part. Since Spears was attempting to collect not only the amount Safeco had paid toward the vehicular damage sustained but also Joseph Abare's claim for the portion not covered by his collision policy with Safeco, we can accept the premise that Spears was acting as Joseph Abare's agent in this regard and, therefore, Spears' knowledge was imputed to Joseph Abare. Thus his request for leave to file his claim for property damages was properly granted. However, we find no indication in the present record that the Abare's dealings with Spears involved any aspect of the damages they sustained other than property damage covered by the collision policy, and thus as far as the personal injury portion of the claim is concerned there is no basis to impute his knowledge to the Abares. Accordingly so much of the order

as permitted the filing of a notice of claim for Madeline Abare's claim for personal injury and Joseph Abare's derivative claim must be reversed, but we do so without prejudice to renewal thereof upon proper evidence of their reliance upon written settlement representations prior to the running of the 90 days. At this juncture we need not discuss the question of estoppel (see *Triple Cities Constr. Co.* v. *Maryland Cas. Co.*, 4 N Y 2d 443; *Debes* v. *Monroe County Water Auth.*, 16 A D 2d 381; *Matter of Daley* v. *Greece Central School Dist. No. 1*, 21 A D 2d 976). Order modified, on the law and the facts, so as to reverse so much thereof as permitted Madeline Abare to file a notice of claim for personal injuries and Joseph Abare to file a derivative claim based on injuries sustained by his wife, without costs, and without prejudice to renewal thereof upon proper evidence of the Abares' reliance upon written settlement representations prior to the running of the 90 days. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.